



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed May 24, 2023**

*[signature]*

**United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **Chapter 11 Case** |
| **JESS HALL'S SERENDIPITY, LLC,** | § | |
| | § | **No. 23-40073** |
| Debtor. | § | |

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING
### DEBTOR'S CHAPTER 11 PLAN
*Relates to ECF No. [90]*

Upon the *Chapter 11 Subchapter V Plan*, as it may be modified, amended or supplemented from time to time (ECF No. [90] and attached to this Order as **Exhibit A**, the "Plan"),[1] filed by Jess Hall's Serendipity, LLC (the "Debtor") debtor and debtor-in-possession of the bankruptcy estate (the "Estate") in the above-captioned chapter 11 bankruptcy case (the "Chapter 11 Case"); and the Plan having been distributed or made available to holders of Claims and Equity Interests and other parties in interest as provided in the *Order Fixing Deadlines to Vote on and Object to Debtor's Plan and Setting Confirmation Hearing* (ECF No. [97], the "Solicitation Order"); and

---

[1] Capitalized terms not otherwise defined herein are used as defined in the Plan.

upon the hearing to consider confirmation of the Plan conducted on May 24, 2023 (the "Confirmation Hearing"); and good and sufficient notice of the Plan and the Confirmation Hearing having been provided to holders of Claims and Equity Interests in accordance with title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules (the "Local Rules") of the United States Bankruptcy Court for the Northern District of Texas (the "Court" or the "Bankruptcy Court") and the orders of this Bankruptcy Court, as established by the affidavit of service filed with the Court (ECF No. 102, without limitation, the "Notice Affidavits"), and such notice being sufficient under the circumstances and no other or further notice being required; and after full consideration of (i) the declaration of Brian Crisp in Support of the Plan (ECF No. [113], the "Crisp Declaration") and further testimony adduced at the Confirmation Hearing; and (ii) the declaration filed by Catherine Curtis (the "Tabulation Agent"), dated May 22, 2023, regarding the methodology applied to the tabulation of the voting results with respect to Plan (ECF No. [110], the "Curtis Declaration"); and upon the informal and formal objections to confirmation of the Plan (collectively, the "Objections"), if any; and upon the entire record of this Chapter 11 Case, the record made at the Confirmation Hearing and the arguments of counsel and all of the evidence adduced thereat; and the Court having determined, based upon all of the foregoing, that the Plan should be confirmed; and after due deliberation and good cause appearing therefor, the Court hereby

### FINDS, DETERMINES, AND CONCLUDES AS FOLLOWS:

A.    Findings and Conclusions. The findings and conclusions set forth herein and on the record at the Confirmation Hearing constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the Court's findings of fact constitute conclusions of law, they are

adopted as such. To the extent any of the Court's conclusions of law constitute findings of fact, they are adopted as such.

## JURISDICTION AND VENUE

B.    <u>Jurisdiction, Venue, Core Proceeding</u>. This Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L) and (O), and this Court has jurisdiction to enter a final order with respect thereto. The Debtor is an eligible debtor under sections 109 and 1182 of the Bankruptcy Code. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## CHAPTER 11 CASE

C.    <u>Commencement of the Chapter 11 Case</u>.    On January 9, 2023 (the "<u>Petition Date</u>"), the Debtor initiated this Chapter 11 Case by filing a voluntary chapter 11 petition in the Court.

D.    No trustee, official committee of unsecured creditors, or any other official committees have been appointed or designated. The Debtor continues to serve as a debtor and debtor in possession of the Estate in this Chapter 11 Case. The Debtor proposed the Plan.

E.    <u>Judicial Notice</u>. The Court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of the Court and pleadings reflected therein including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before the Court during the pendency of the Chapter 11 Cases.

## SOLICITATION AND NOTICE

F.    <u>Solicitation and Notice</u>. On April 20, 2023, the Court entered the Solicitation Order, which, among other things, (i) established procedures for the solicitation of votes on the

Plan; and (ii) scheduled a hearing and established notice and objection procedures for confirmation of the Plan. The following materials (collectively, the "Solicitation Materials") were served upon parties in interest in compliance and in accordance with the Bankruptcy Rules and the Solicitation Order, as applicable:

- the Plan;

- the Solicitation Order; and

- ballots for accepting or rejecting the Plan.

G.     As described in the Curtis Declaration and the Notice Affidavits (a) the service of the Solicitation Materials was adequate and sufficient under the circumstances of the Chapter 11 Case and (b) adequate and sufficient notice to holders of Claims and Equity Interests of the Confirmation Hearing and other requirements, deadlines, hearings, and matters described in the Solicitation Order was timely provided in compliance with the Bankruptcy Rules and the Solicitation Order.

H.     <u>Voting</u>. As evidenced by the Curtis Declaration, votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Solicitation Order, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

## COMPLIANCE WITH THE REQUIREMENTS OF <br> SECTION 1129 OF THE BANKRUPTCY CODE

I.     <u>Burden of Proof</u>. The Debtor has met the burden of proving the elements of sections 1129 of the Bankruptcy Code, made applicable to this Chapter 11 Case by section 1191 of the Bankruptcy Code, by a preponderance of the evidence, which is the applicable evidentiary standard.

J.        <u>Bankruptcy Rule 3016(a)</u>. The Plan is dated and identifies the Debtor as the Plan proponent, thereby satisfying Bankruptcy Rule 3016(a).

K.        <u>Plan Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

(i)        <u>Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1))</u>. As required by section 1123(a)(1) of the Bankruptcy Code, in addition to Administrative Expense Claims and Priority Tax Claims, which need not be classified, Articles IV and V of the Plan designate five Classes of Claims against and Equity Interests in the Debtor. As required by section 1122(a) of the Bankruptcy Code, the Claims and Equity Interests placed in each Class are substantially similar to other Claims and Equity Interests, as the case may be, in each such Class. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Equity Interests created under the Plan, and such Classes do not effect unfair discrimination between holders of Claims and Equity Interests. Thus, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

(ii)        <u>Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2))</u>. Articles V and VI of the Plan specify that Class 1 is unimpaired under the Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

(iii)        <u>Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>. Articles V and VI of the Plan specify that Classes 2, 3, 4 and 5 are impaired and set forth the treatment of such impaired Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

(iv)        <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>. Article V of the Plan provides for the same treatment under the Plan for each Claim or Equity Interest in each respective Class

unless the holder of a particular Claim or Equity Interest has agreed to a less favorable treatment in respect of such Claim or Equity Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

(v)     <u>Implementation of the Plan (11 U.S.C. § 1123(a)(5))</u>. The Plan provides for adequate and proper means for its implementation including, without limitation, (a) sources of consideration for distributions, (b) the vesting of the Causes of Action in the Reorganized Debtor, (c) that the CRO will continue to manage the Reorganized Debtor, and (d) the execution, delivery, filing, or recording of all contracts, instruments, releases, and other agreements or documents related to the foregoing, thereby satisfying section 1123(a)(5) of the Bankruptcy Code.

(vi)     <u>Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6))</u>. Because the Debtor is not issuing new securities under the Plan, the prohibition on the issuance of nonvoting equity securities, as required by section 1123(a)(6) of the Bankruptcy Code, is not applicable.

(vii)     <u>Designation of Directors and Officers (11 U.S.C. § 1123(a)(7))</u>. No changes to the Debtor's existing corporate organization, including the manner of selection of any officer, director, or trustee, is contemplated under the Plan, thereby satisfying section 1123(a)(7) of the Bankruptcy Code.

L.     <u>Additional Plan Provisions (11 U.S.C. § 1123(b))</u>. The additional provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1123(b) of the Bankruptcy Code.

(i)     <u>Impairment/Unimpairment of Any Class of Claims or Interests (§ 1123(b)(1))</u>. Pursuant to the Plan, Class 1 is unimpaired and Classes 2, 3, 4, and 5 are impaired, as contemplated by section 1123(b)(1) of the Bankruptcy Code.

(ii)    <u>Assumption and Rejection of Executory Contracts (11 U.S.C.
§ 1123(b)(2))</u>.  Article IX of the Plan provides for the rejection of the Debtor's remaining executory

contracts and unexpired leases (if any), effective as of the Effective Date, except for any executory

contract or unexpired lease that (a) was previously assumed, assumed and assigned or rejected

pursuant to an Order of the Bankruptcy Court entered on or before the Confirmation Date, (b)

previously expired or terminated by its own terms or (c) is the subject of a motion to assume,

assume and assign or reject filed on or prior to the Confirmation Date. For clarity, the Debtor

assumed the Licensing and Assignment Agreement with GWH-1, LLC filed at ECF No. 16,

Exhibit C, which was approved by the Court through the *Agreed Order Authorizing and Approving*

*the Sale of Assets Free and Clear of Liens, Claims and Encumbrances and Granting Related Relief*

[ECF No. 59] and incorporated into the Plan.

(iii)    <u>Settlement of Claims and Causes of Action (11 U.S.C. § 1123(b)(3))</u>.
Article VII of the Plan provides for settlement of certain Claims and Causes of Action and the

retention and enforcement of other Claims and Causes of Action by the Reorganized Debtor. As

set forth below, the proposed Plan settlements are approved as fair and equitable.

(iv)    <u>Modification of the Rights of Holders of Claims (11 U.S.C. § 1123(b)(5))</u>.
Article XI of the Plan modifies or leaves unaffected, as the case may be, the rights of holders of

each class of Claims and Equity Interests.

(v)    <u>Other Appropriate Provisions (11 U.S.C. § 1123(b)(6))</u>. The Plan's other
provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code

including, without limitation, provisions for (a) distributions to holders of Claims and Equity

Interests, (b) retention of, and right to enforce, sue on, settle, or compromise (or refuse to do any

of the foregoing with respect to) certain claims and causes of action against third parties, to the

extent not waived and released under the Plan, (c) resolution of Disputed Claims and Disputed

Equity Interests, (d) allowance of certain Claims and Equity Interests, (e) releases by the Estate

and certain parties of certain other parties, and (f) exculpations of certain parties. For the avoidance

of doubt and without limitation, all claims and causes of action listed on the Debtor's schedules of

assets and liabilities filed on the public docket of this Court prior to entry of this order, constitute

"Causes of Action" as that term is defined in the Plan.

   M. <u>Cure of Defaults (11 U.S.C. § 1123(d))</u>. The Plan does not contemplate the cure of

any defaults. Thus, section 1123(d) of the Bankruptcy Code is not applicable.

   N. <u>Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>. The Debtor has

complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local

Rules, and orders of this Court in transmitting the Plan, the Ballots and related documents and

notices and in soliciting and tabulating the votes on the Plan.

   O. <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>. The Debtor has proposed

the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3)

of the Bankruptcy Code. The Debtor's good faith is evident from the facts and record of the

Chapter 11 Case, the record made at the Confirmation Hearing and the other proceedings in this

Chapter 11 Case. The Plan was proposed with the legitimate and honest purpose of maximizing

the value of the Estate. The Plan was negotiated at arm's-length among various important

stakeholders in the Chapter 11 Case. Further, the Plan's classification, indemnification,

exculpation, release, and injunction provisions have been negotiated in good faith and at arm's-

length. Such provisions are consistent with sections 105, 1122, 1123(b)(6), 1125, 1129, 1142,

1190, and 1191 of the Bankruptcy Code, are each necessary for the success of the Plan, and were

not included in the Plan for any improper purpose.

P.      <u>Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>. Any payment to be made by the Estate, or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in connection with the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, is subject to the approval of the Bankruptcy Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

Q.      <u>Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5))</u>. The Debtor has complied with section 1129(a)(5) of the Bankruptcy Code. The Debtor has disclosed that Brian Crisp will continue to serve as the CRO and Sole Director of the Reorganized Debtor, and his appointment is consistent with the interests of holders of Claims and Equity Interests and with public policy.

R.      <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>. Section 1129(a)(6) of the Bankruptcy Code is not applicable to the Plan.

S.      <u>Best Interest of Creditors (11 U.S.C. § 1129(a)(7))</u>. The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. Each holder of an impaired Claim or Equity Interest that has not accepted the Plan will on account of such Claim, as demonstrated by the liquidation analysis attached to the Plan, receive or retain property under the Plan having a value, as of the Effective Date, that is at least equal to the amount that such holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on the Effective Date.

T.      <u>Acceptance by/Unimpairment of Certain Classes (11 U.S.C. § 1129(a)(8))</u>. Class 1 is unimpaired by the Plan and holders of Claims in such Class, if any, are thus conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. No Class [2] Claims voted, as established by the Curtis Declaration, and no claimants have asserted their claims should be classified as Class [2] Claims. Classes 3, 4, and 5 are impaired by the Plan, and each such Class has accepted the Plan in accordance with section 1126(d) of the Bankruptcy Code,

as established by the Curtis Declaration. As a result, Section 1129(a)(8) of the Bankruptcy Code has been satisfied with respect to all Classes. If applicable, the Plan satisfies the "cram down" requirements of section 1191(b) of the Bankruptcy Code, because the Plan does not discriminate unfairly between and among the classes described therein and the Plan is fair and equitable with respect to the rejecting classes, if any. The Plan further provides that all of the projected disposable income of the Debtor to be received in the three-year period beginning on the Effective Date will be used to make payments under the Plan. The Plan provides that Allowed Claims in Classes 1, 2, 3, and 4 will be paid in full prior to any distributions on account of claims or interests junior to those classes.

U.      Treatment of Administrative Expense Claims and Priority Tax Claims (11 U.S.C. § 1129(a)(9)). The treatment of Administrative Expense Claims and Priority Tax Claims pursuant to Article III of the Plan satisfies the requirements of sections 1129(a)(9) of the Bankruptcy Code.

Notwithstanding anything in the Plan to the contrary, the Plan shall not limit the Texas Comptroller of Public Account's ("Comptroller") setoff rights under 11 U.S.C. § 553. This provision is not an admission by any party that such setoff rights exist.

A failure by the Reorganized Debtor to make a payment to the Comptroller pursuant to the terms of the Plan shall be an Event of Default. If the Reorganized Debtor fails to cure an Event of Default as to tax payments within ten (10) calendar days after service of written notice of default from the Comptroller, the Comptroller may (a) enforce the entire amount of its claim, (b) exercise all rights and remedies under applicable nonbankruptcy law, and (c) seek such relief as may be appropriate in this court. Notice of the default shall be served by first class mail upon the reorganized Debtor at: 400 N. St. Paul St., Suite 600, Dallas, TX 75201, Attn: Brian Crisp, and

upon Debtor's attorney at Wick Phillips Gould & Martin, LLP, 100 Throckmorton Street, Suite

1500, Fort Worth, TX 76102; Attn: Scott D. Lawrence, Esq.; scott.lawrence@wickphillips.com.

Debtor shall be allowed to cure up to two (2) defaults. Upon a third default, the Comptroller, at its

option, may declare the default non-cureable and proceed to collect the remainder of the debt.

V.    Acceptance By At Least One Impaired Class of Claims (11 U.S.C. § 1129(a)(10)).

As described above and in the Curtis Declaration, Classes 3, 4, and 5 were impaired and voted to

accept the Plan. Section 1129(a)(10) is, therefore, satisfied.

W.    Feasibility (11 U.S.C. § 1129(a)(11)). The Plan proposes for the Debtor's

remaining valuable assets, namely the Causes of Action and future income from brand licensing

activities, to be retained and liquidated with funding to litigate these Causes of Action and to

manage the licensing agreement already available as needed. As a result, the requirements of

section 1129(a)(11) of the Bankruptcy Code have been satisfied.

X.    Payment of Fees (11 U.S.C. § 1129(a)(12)). All fees due and payable pursuant to

section 1930 of title 28, United States Code, as determined by the Court in the event of a dispute,

have been or will be paid by the Estate on the Effective Date pursuant to section 14.1 of the Plan,

thereby satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

Y.    Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)). The Debtor is not

responsible for the payment of any "retiree benefits," as defined in section 1114 of the Bankruptcy

Code. Section 1129(a)(13) of the Bankruptcy Code is thus inapplicable in these Chapter 11 Cases.

Z.    No Domestic Support Obligations (11 U.S.C. § 1129(a)(14)). The Debtor is not

required by a judicial or administrative order, or by statute, to pay a domestic support obligation.

Accordingly, section 1129(a)(14) of the Bankruptcy Code is inapplicable in these Chapter 11

Cases.

AA.    <u>Debtor Not Individual (11 U.S.C. § 1129(a)(15))</u>. The Debtor is not an individual and has elected to proceed under subchapter V of the Bankruptcy Code, and accordingly, section 1129(a)(15) of the Bankruptcy Code is inapplicable to the Debtor.

BB.    <u>No Applicable Nonbankruptcy Law Regarding Transfers (11 U.S.C. § 1129(a)(16))</u>. The Debtor is not a non-profit corporation or trust. Accordingly, section 1129(a)(16) of the Bankruptcy Code is inapplicable in this Chapter 11 Case.

CC.    <u>Only One Plan (11 U.S.C. § 1129(c))</u>. The Debtor has elected to proceed under subchapter V of the Bankruptcy Code and accordingly, section 1129(c) of the Bankruptcy Code is inapplicable.

DD.    <u>Principal Purpose of the Plan (11 U.S.C. § 1129(d))</u>. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933, thereby satisfying section 1129(d) of the Bankruptcy Code.

EE.    <u>Not Small Business Cases (11 U.S.C. § 1129(e))</u>. The Debtor has elected to proceed under subchapter V of the Bankruptcy Code and accordingly, section 1129(e) of the Bankruptcy Code is inapplicable in this Chapter 11 Case.

## <u>COMPLIANCE WITH SECTION 1125 OF THE BANKRUPTCY CODE</u>

FF.    <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>. Based on the record before the Court in the Chapter 11 Case and the Curtis Declaration, the Exculpated Parties and each of their respective present or former members, managers, officers, directors, employees, equity holders, partners, affiliates, funds, advisors, attorneys, agents, successors and assigns, and all other persons involved in the solicitation process, have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules in connection with all of their

respective activities arising out of, relating to or connected with the administration of the Chapter 11 Case, the negotiation and pursuit of approval of the Disclosure Statement, the preparation and solicitation of acceptances of the Plan, the pursuit of confirmation of the Plan, the funding of the Plan, the consummation of the Plan, the administration of the Plan and the property to be distributed under the Plan, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

## <u>COMPLIANCE WITH SECTION 1126 OF THE BANKRUPTCY CODE</u>

GG.     <u>Acceptance of Plan (11 U.S.C. § 1126)</u>. As set forth in the Curtis Declaration, Classes 3, 4 and 5 were impaired and voted to accept the Plan, in accordance with the requirements of section 1126 of the Bankruptcy Code. With respect to any class that voted to reject the Plan, the Debtor has satisfied the requirements of section 1191(b) to confirm the Plan notwithstanding such class vote to reject the Plan.

## <u>PLAN IMPLEMENTATION</u>

FF.     The terms of the Plan are incorporated by reference and are, except as addressed herein or in any future order of the Court contemplated by this Confirmation Order, proper in all respects, and constitute an integral part of this Confirmation Order.

GG.     The Plan has been negotiated in good faith and at arm's-length and shall, on and after the Effective Date, constitute legal, valid, binding and authorized obligations of the respective parties thereto and will be enforceable in accordance with their terms.

HH.     Pursuant to section 1142(a) of the Bankruptcy Code, except as addressed herein or in any future order of the Bankruptcy Court contemplated by this Confirmation Order, the Plan will apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law. The Debtor and the Estate, and all of their respective members, managers, officers, directors, agents,

advisors, attorneys, employees, equity holders, partners, affiliates, funds, agents and representatives will be acting in good faith if they proceed to (i) consummate the Plan and the agreements, settlements, transactions, transfers and documentation contemplated thereby and (ii) take any actions authorized and directed by this Confirmation Order.

II.     Insider Settlement. The Insider Settlement among the Debtor, the Reorganized Debtor, the Estate, and the Released Parties (collectively, the "Insider Settlement Parties") is necessary to and is an integral and essential element of the Plan and its consummation. The terms and conditions of the Insider Settlement are fair and reasonable under the circumstances. The performance by the Insider Settlement Parties of the terms thereof is authorized, and the parties are directed to consummate the same. The Insider Settlement is the product of arm's-length negotiations among the Insider Settlement Parties and the Debtor and has been proposed in good faith, for legitimate business purposes, is supported by reasonably equivalent value and fair consideration and reflects the Debtor's exercise of reasonable business judgment.

JJ.     The Insider Settlement satisfies the requirements of Bankruptcy Rule 9019, including proper consideration of:

(i)     the Debtor's probability of success on the merits of all claims released as part of the Insider Settlement;

(ii)     the complexity, expense, and likely duration of litigation on all claims released as part of the Insider Settlement; and

(iii)     other facts and circumstances bearing on the wisdom of the Insider Settlement.

KK.     Entry into the Insider Settlement and consummation of the same is in the best interests of the Estate, its creditors and its equity holders. The Debtor has provided all interested

parties with sufficient and adequate notice of and an opportunity to be heard with respect to the Insider Settlement.

LL.    <u>Suffolk Landlord Settlement</u>. The Suffolk Landlord Settlement among the Debtor, the Reorganized Debtor, the Estate, and the Suffolk Landlord (collectively, the "<u>Suffolk Landlord Settlement Parties</u>") is necessary to and is an integral and essential element of the Plan and its consummation. The terms and conditions of the Suffolk Landlord Settlement are fair and reasonable under the circumstances. The performance by the Suffolk Landlord Settlement Parties of the terms thereof is authorized, and the parties are directed to consummate the same. The Suffolk Landlord Settlement is the product of arm's-length negotiations among the Suffolk Landlord Settlement Parties and has been proposed in good faith, for legitimate business purposes, is supported by reasonably equivalent value and fair consideration and reflects the Debtor's exercise of reasonable business judgment.

MM.    The Suffolk Landlord Settlement satisfies the requirements of Bankruptcy Rule 9019, including proper consideration of

(i)    the Debtor's probability of success on the merits of all claims released as part of the Suffolk Landlord Settlement;

(ii)    the complexity, expense, and likely duration of litigation on all claims released as part of the Suffolk Landlord Settlement; and

(iii)    other facts and circumstances bearing on the wisdom of the Suffolk Landlord Settlement.

NN.    Entry into the Suffolk Landlord Settlement and consummation of the same is in the best interests of the Estate, its creditors and its equity holders. The Debtor has provided all

interested parties with sufficient and adequate notice of and an opportunity to be heard with respect to the Suffolk Landlord Settlement.

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

OO.    The Debtor has exercised sound business judgment in determining whether to assume or reject executory contracts and unexpired leases pursuant to Article X of the Plan. Each assumption or rejection of an executory contract or unexpired lease as provided in section 10.1 of the Plan shall be legal, valid, and binding upon the Debtor and all non-Debtor counterparties to such contracts or leases, and satisfies the requirements of section 365 of the Bankruptcy Code including, without limitation, section 365(d)(4).

## EXCULPATIONS, INJUNCTIONS AND RELEASES

PP.    The Court has jurisdiction under 28 U.S.C. §§ 1334(a) and (b) to approve the exculpation, injunctions, stays and releases set forth in Article XII of the Plan. Section 105(a) of the Bankruptcy Code permits issuance of the injunctions and approval of the releases and injunctions set forth in sections 12.4 and 12.5 of the Plan because, as has been established on the record in the Chapter 11 Case and the evidence presented at the Confirmation Hearing, such provisions (i) were integral to the Insider Settlement and Suffolk Landlord Settlement and are essential to the formulation and implementation of the Plan, as provided in section 1123 of the Bankruptcy Code, (ii) confer substantial benefits on the Estate, (iii) are fair, equitable and reasonable, and (iv) are in the best interests of the Debtor, the Estate, and parties in interest. Pursuant to section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019(a), the releases, exculpation, and injunctions set forth in the Plan and implemented by this Confirmation Order are fair, equitable, reasonable, and in the best interests of the Debtor and the Estate, creditors and equity holders. The releases of non-Debtors under the Plan are fair to holders of Claims and Equity

Interests and are necessary to the proposed Plan. Such releases are given in exchange for and are supported by fair, sufficient, and adequate consideration provided by each and all of the parties providing such releases. The record of the Confirmation Hearing and the Chapter 11 Case is sufficient to support the releases, exculpation, and injunctions provided for in Article XII of the Plan. Accordingly, based upon the record in the Chapter 11 Case, the representations of the parties, and/or the evidence proffered, adduced, and/or presented at the Confirmation Hearing, this Court finds that the injunctions, exculpation, and releases set forth in Article XII of the Plan are consistent with the Bankruptcy Code and applicable law. Notwithstanding anything in the Plan to the contrary, the Plan shall not release or discharge any entity, other than the Debtors or Reorganized Debtors, from any liability owed to the Texas Comptroller of Public Accounts for a tax debt, including interest and penalties on such tax. This provision is not admission by any party that such liability exists.

## **OTHER FINDINGS**

QQ.    <u>Conditions Precedent to Confirmation</u>. The conditions precedent to confirmation set forth in section 11.1 and 11.2 of the Plan have been satisfied.

RR.    <u>Retention of Jurisdiction</u>. This Court may properly retain, and if appropriate, shall exercise jurisdiction over the matters set forth in Article XIII of the Plan and section 1142 of the Bankruptcy Code.

SS.    <u>Objections</u>. All parties have had a full and fair opportunity to file objections to confirmation of the Plan and to litigate any such objections.

## **THE PLAN SATISFIES CONFIRMATION REQUIREMENTS**

TT.    Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in sections 1191 of the Bankruptcy Code and shall be confirmed.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      <u>Confirmation</u>. The Plan, as modified by this Confirmation Order, shall be, and hereby is, confirmed pursuant to section 1191 of the Bankruptcy Code.

2.      <u>Solicitation and Notice</u>. Notice of the Confirmation Hearing and the solicitation of votes on the Plan complied with the terms of the Solicitation Order, were appropriate and satisfactory based upon the circumstances of the Chapter 11 Case and were in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

3.      <u>Objections</u>. All objections to the Plan not otherwise withdrawn at or prior to the Confirmation Hearing are overruled for the reasons articulated by the Court on the record at the Confirmation Hearing.

4.      <u>Binding Effect</u>. Except as otherwise provided in sections 1192 and 1141(d)(3) of the Bankruptcy Code and subject to the occurrence of the Effective Date, on and after the Confirmation Date, the provisions of the Plan shall bind any holder of a Claim against or Equity Interest in the Debtor and such holder's respective successors and assigns, whether or not such Claim or Equity Interest of such holder is impaired under the Plan and whether or not such holder has accepted the Plan.

5.      <u>Plan Classification Controlling</u>. The classification of Claims and Equity Interests for purposes of the distributions to be made under the Plan shall be governed solely by the terms of the Plan. The classifications set forth on the Ballots submitted in connection with voting on the Plan: (a) were solely for purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims and Equity Interests under the Plan for distribution purposes; and (c) shall not be binding on the Estate for any purpose other than voting on the Plan.

6.      <u>Distribution Under the Plan</u>. All distributions under the Plan shall be made in accordance with Article VIII of the Plan.

7.      <u>Vesting of Assets (11 U.S.C. § 1141(b), (c))</u>. As set forth in section 7.7 of the Plan, as of the Effective Date, pursuant to sections 1141(b) and (c) of the Bankruptcy Code, the Estate's assets shall vest in the Reorganized Debtor, free and clear of all Claims, Liens, encumbrances, charges, and other interests, except as provided in the Plan or this Confirmation Order. The vesting, on the Effective Date, of the Estate's assets in the Reorganized Debtor does not constitute a voidable transfer under the Bankruptcy Code or applicable nonbankruptcy law.

8.      <u>Manager Reappointed</u>. Brian Crisp is hereby approved and appointed as the CRO and Sole Director of the Reorganized Debtor.

9.      <u>Notice of Confirmation Date and Effective Date</u>. Within five (5) Business Days after the Effective Date, the Reorganized Debtor shall file on the docket and mail to all parties in interest in the Chapter 11 Case notice of (i) the entry of this Confirmation Order and (ii) the last date to file (A) requests for payment of Administrative Expense Claims pursuant to section 3.1 of the Plan and Fee Claims pursuant to section 3.2 of the Plan, and (B) Claims arising from the rejection of any executory contracts and unexpired leases pursuant to section 10.3 of the Plan.

10.      <u>General Authorization</u>. Upon the Effective Date, all action contemplated under the Plan shall be deemed authorized and approved in all respects. All matters provided for in the Plan involving the structure of the Debtor, and any action required by or in connection with the Plan, shall be deemed to have occurred and shall be in effect, without any requirement of further action by any person or entity.

11.    <u>Plan Settlements</u>. The Insider Settlement and Suffolk Landlord Settlement are hereby approved. The parties to each settlement are authorized and directed to take such actions as may be necessary to effectuate the same and perform all obligations contemplated thereby.

12.    <u>Post-Confirmation Reporting and Payment of Statutory Fees</u>. The Debtor will pay all fees pursuant to 28 U.S.C. § 1930 that are due on or before the Effective Date. The Reorganized Debtor will pay all fees pursuant to 28 U.S.C. § 1930 that are due after the Effective Date. The Reorganized Debtor will be responsible for preparing and filing post-confirmation reports in a format prescribed by the U.S. Trustee.

13.    <u>Governmental Approvals Not Required</u>. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, and regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto.

14.    <u>Filing and Recording</u>. This Confirmation Order (a) is and shall be effective as a determination that, on the Effective Date, all Claims and Equity Interests existing prior to such date have been unconditionally released, discharged, and terminated, except as otherwise provided in the Plan, and (b) is and shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required, by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any document or instrument. Each and every federal, state, and local government agency is hereby directed to accept any and all documents and instruments necessary, useful, or appropriate (including Uniform Commercial Code financing statements) to

effectuate, implement, and consummate the transactions contemplated by the Plan and this Confirmation Order without payment of any recording tax, stamp tax, transfer tax, or similar tax imposed by state or local law, including, but not limited to, the transfer of any assets of the Estate to the Reorganized Debtor.

15.    <u>Exculpation, Releases and Injunctions</u>. The exculpations, releases and injunctions contained in Article XII of the Plan are hereby approved.

16.    <u>Conditions to Effective Date</u>. The Plan shall not become effective unless and until the conditions set forth in Article XI of the Plan have been satisfied or waived pursuant to section 11.1and 11.2 of the Plan.

17.    <u>Retention of Jurisdiction</u>. Upon the Effective Date, the Bankruptcy Court may properly retain, and if appropriate, shall exercise jurisdiction over the matters set forth in Article XIII of the Plan, section 1142 of the Bankruptcy Code, and 28 U.S.C. § 1334.

18.    <u>Appeal of the Confirmation Order</u>. Except as otherwise provided herein, if any provision of this Confirmation Order is hereafter reversed, modified, vacated, or stayed by subsequent order of this Court or any other court, such reversal, stay, modification or vacatur shall not affect the validity or enforceability of any act, obligation, indebtedness, liability, priority, or lien incurred or undertaken by the Debtor or Reorganized Debtor prior to the effective date of such reversal, stay, modification, or vacatur. Notwithstanding any reversal, stay, modification, or vacatur of this Confirmation Order, any act or obligation incurred or undertaken pursuant to, or in reliance on, this Confirmation Order prior to the effective date of such reversal, stay, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan or any amendments or modifications thereto, and shall remain binding.

19.    <u>Conflicts Between Confirmation Order and Plan</u>. The failure to specifically include any particular provision of the Plan in this Confirmation Order shall not diminish the effectiveness of such provision, it being the intent of the Court that the Plan is confirmed in its entirety and incorporated herein by this reference. The provisions of the Plan and this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purposes of each; provided, however, that in the event of any inconsistency among the Plan, the Disclosure Statement, and any exhibit or schedule to the Disclosure Statement, the provisions of the Plan shall govern. In the event of any inconsistency between the Plan and this Confirmation Order, the Confirmation Order shall govern. The provisions of this Confirmation Order are integrated with each other and are nonseverable and mutually dependent unless expressly stated by further order of the Court.

20.    <u>Authorization to Consummate Plan/No Stay</u>. Notwithstanding Bankruptcy Rule 3020(e), 6004(g), 6006(d), 7062 or otherwise, but subject to Article XII of the Plan, the Debtor is authorized to consummate the Plan upon entry of this Confirmation Order, and the Confirmation Order shall take effect on the date hereof.

###

PREPARED AND SUBMITTED BY:

Scott D. Lawrence, Tex. Bar No. 24087896
**WICK PHILLIPS GOULD & MARTIN, LLP**
100 Throckmorton Street, Suite 1500
Fort Worth, Texas 76102
Telephone: (817) 332-7788
Facsimile: (817) 332-7789
scott.lawrence@wickphillips.com

and

Jason M. Rudd, Tex. Bar No. 24028786
Catherine A. Curtis, Tex. Bar No. 24095708
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Telephone: (214) 692-6200
Facsimile: (214) 692-6255
jason.rudd@wickphillips.com
catherine.curtis@wickphillips.com

**COUNSEL FOR DEBTOR**